IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 3:20-CR-00079-DPJ-FKB

NEWTON WADE TOWNSEND

## GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE

The United States Attorney, by and through his undersigned assistant, files this Response to Defendant's Notice in accordance with the Court's Text Order (item 1) dated April 9, 2021, and would show the following:

Neither Section 3161(c)(2) nor the "ends of justice" require granting Defendant a full 30 days between the superseding indictment and trial in this case. 18 U.S.C. § 3161(c)(2), (h)(7)(A). Section 3161(c)(2) holds that, "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."  18 U.S.C. § 3161(c)(2).

In *United States v. Rojas-Contreras*, the Supreme Court analyzed whether a superseding indictment restarts this 30-day trial preparation period.  474 U.S. 231, 234 (1985).  There, the government filed a superseding indictment that was identical to the original indictment but for a minor correction of a previous conviction date. *Id.* at 233.  Trial was to begin the next day, and the defense moved for a 30-day continuance, citing the Speedy Trial Act. *Id.*  The district court denied the motion, the court of appeals reversed, and the Supreme Court granted certiorari. *Id.* at 233-34.  The Supreme Court held that "Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment." *Id.*  The Court added that the district court still retained "broad discretion" in whether to grant a continuance for trial

preparation pursuant to the "ends of justice." *Id.* at 236; *see* 18 U.S.C. § 3161(h)(7)(A) (the court may grant a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"); *United States v. Eakes*, 783 F.2d 499, 501-03 (5th Cir. 1986) (reiterating *Rojas-Contreras*; citing cases; "A district judge has the discretion to continue a trial under the ends of justice provision even though the Act does not require an additional thirty-days after arraignment on a superseding indictment.").

The Supreme Court further noted that the defendant in *Rojas-Contreras* was not prejudiced by the return of the superseding indictment because the correction of a phrase was a minor change. *Id.* at 236-37.

Here, the Grand Jury returned the original indictment on June 23, 2020. ECF No. 1. Defendant was arraigned and first appeared through counsel on June 25, 2020. Docket report. June 25, 2020 is the date that starts the 30-day trial preparation clock. 18 U.S.C. § 3161(c)(2).

The Grand Jury then returned a superseding indictment on March 30, 2021. ECF No. 34. The superseding indictment corrected language more specifically identifying Congressman B.T.'s staffers as officials whose killing would be a crime under 18 U.S.C. § 1114. *Id.* Prior to Grand Jury, on March 25, 2021, the United States provided advanced notice to the defense of the United States' intent to correct the error by seeking a superseding indictment. Thereafter, Defendant indicated through counsel at an informal Zoom conference on April 9, 2020, that Defendant did not wish to waive his 30-days pursuant to § 3161(c)(2), prompting a notice from Defendant and this Response.

Defendant's Notice, dated April 13, 2021, essentially reiterates *Rojas-Contreras* and leaves to this Court's discretion whether to grant the 30-days. However, Defendant does not appear to officially move for a continuance pursuant to § 3161(h)(7)(A), nor does he identify the need for

more preparation or how he might be prejudiced without it. In fact, Defendant was given advanced notice of the scrivener's error that the superseding indictment intended to fix, and the correction itself changed nothing of the government's required proof for the charge. Defendant has had adequate time to prepare a defense, which has not been altered by virtue of the superseding indictment. Defendant has made no showing that the filing of the superseding indictment within 30-days of the trial date will prejudice him in any way. Therefore, an "ends of justice" continuance is unwarranted.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that this Court find the 30-day trial preparation period does not apply to the superseding indictment, and that an "ends of justice" continuance is unwarranted.

Dated: April 13, 2021

DARREN J. LAMARCA
Acting United States Attorney

By:   *s/Meghan M. McCalla*
MEGHAN M. MCCALLA
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4035
Texas Bar No. 24070232
Email: meghan.mccalla@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing response with the Clerk of the Court using the Electronic Filing System, ECF, which sent notification of the above response to counsel for the Defendant.

This the 13th day of April, 2021.

*s/ Meghan M. McCalla*
Meghan M. McCalla
Assistant United States Attorney

3